No. 3427.

(Court of Appeal, Parish of Orleans.)

## ROSE LALANNE ET AL. vs. MARK R. NEWHAUSER ET AL.

1. Where a suit claiming the ownership of certain movables illegally seized is decided in favor of the claimant, and she subsequently sues on an indemnity bond for their value, a plea of res judicata on the ground that the first judgment rejected all demands for damages will not prevail.

2. The right to assert such a claim did not arise until the judgment ordering the return of the property had become final and had not been complied with.

3. The issue in the first suit was as to the ownership of the property; that in the present suit is as to its value.

Appeal from Civil District Court, Division E.

R. J. Maloney, for defendant and appellant.

E. H. McCaleb, for plaintiffs and appellees.

DUFOUR, J.    The plaintiff in the suit of Zimmerman vs John Viau, in execution of her judgment, seized certain property belonging to her debtor's wife.    The latter filed with the sheriff her claim of ownership and an indemnity bond having been given, the property seized was sold.    She also filed an opposition praying that the seizure be released with damages and that she be recognized as the owner of the property.

On this opposition there was judgment recognizing her ownership, setting aside the seizure and ordering the property seized to be delivered to her, and in all other respects rejecting her demand. This judgment on appeal to this Court was affirmed.

Thereupon the present plaintiff brought this suit against Mrs. Zimmerman and her surety on the indemnity bond for $400 as the value of the property, and $400 more as damages caused by the illegal seizure. Defendant pleaded the judgment in the prior suit as *res judicata* to the whole demand and the plea was maintained so far as the damages were concerned, but rejected so far as it referred to the claim for the value of the property.

This ruling was correct; the claim for damages was rejected in the first suit, and the indemnity bond stands in lieu of the property

201

ordered to be restored in the judgment, and which was not restored.

It is illogical to contend that the claim for the value of the property is concluded by the first judgment, when the right to assert it did not arise until the judgment ordering the return of the property had become final, and had not been complied with.

The issue in the first suit was the ownership of the property, and not its value. This is recognized by one of defendant's objections at the trial.

By Mr. Maloney: "I object to that on the ground that there is nothing in contest in the suit now except the ownership of the property *vel non.*"

Conceding the application of the statement in 104 La. 658 that "it will be assumed that the property transferred by the husband to the wife is fairly appraised in the act of transfer, until the contrary is shown by the party attacking the transfer," we do not think the record warrants the conclusion that the property was worth $400.

The plaintiff herself testifies she does not know its value, that it was worth $400 to her, although she could not itemize the values of the various animals and objects. Her testimony is unsatisfactory and it is clear to our mind that the value of $400 was named in the act because the property was all he could give in payment, and the amount due to his wife was $400.

Under the circumstances, there being no real nor reliable proof of value; the judge was warranted in adopting the price for which the property was sold by the Sheriff as the best available test of value.

In argument we were asked to credit the judgment against defendants with the proceeds of sale in the hands of the Sheriff; this we cannot do. The suit is for personal judgment against defendant, and the plaintiff ignores the illegal sale and its proceeds; hence the defendant is entitled to the same.

Judgment affirmed.

May 2, 1904. Rehearing refused May 30, 1904.

Writ denied by Supreme Court June 30th, 1904.